UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Serendipity Morales,

      Plaintiff,

      v.                                                                                                  Civil Action No. 5:17–cv–124

Barry Joseph Mackenzie and
Chad Newton,

      Defendants.

## OPINION AND ORDER
(Doc. 112)

In July 2017, Plaintiff Serendipity Morales, a prisoner proceeding *pro se*, brought this civil rights action under 42 U.S.C. § 1983 against two former correctional officers at Southern State Correctional Facility, Defendants Barry Joseph Mackenzie and Chad Newton.[1] In her Amended Complaint, Plaintiff alleges that, while in the custody of the Vermont Department of Corrections, she provided legal assistance to five inmates facing pending criminal charges and that, because of the legal advice she provided to those inmates, Defendants retaliated against her by physically battering her, in violation of her First Amendment rights, and discriminated against her "based upon her open self-identification as female, gay, mentally ill, Puerto Rican, and transgender." (Doc. 19 at 2, ¶ 1.) Morales seeks

---

[1] Alexander N. Burke, a deputy state's attorney, was also originally named as a defendant in this action, but in May 2019, the parties stipulated to dismiss him from the case without prejudice. (*See* Doc. 83.)

compensatory and punitive damages, and "all other relief in the interest of justice." (*Id.* ¶ 6.)

In June 2019, the parties entered into a Stipulated Discovery Schedule/Order, which limited discovery to "Plaintiff's efforts to exhaust administrative remedies related to her alleged assault [that occurred] on or about November 8, 2016." (Doc. 84 at 1, ¶ 1.) In October 2019, the scheduling order was amended "to extend the deadline to join parties and amend pleadings from October 31, 2019 to December 20, 2019." (Doc. 95 at 1.) On March 6, 2020, the parties entered into a Second Amended Stipulated Discovery Schedule/Order, given that Plaintiff would soon be released from prison and allowing Plaintiff "additional time to facilitate the transition to *pro se* representation, complete discovery, and prepare for an evidentiary hearing on the issue of administrative exhaustion," after the withdrawal of Plaintiff's counsel from the case. (Doc. 105 at 1; *see* Doc. 108.) This scheduling order—which is the one currently in effect—still requires that all discovery be limited to Plaintiff's efforts to exhaust her administrative remedies related to the November 2016 assault, but it extends the discovery completion date to May 13, 2020, the deadline to file prehearing motions to June 15, 2020, and the date for the case to be ready for an evidentiary hearing to August 3, 2020. (Doc. 108 at 2, ¶¶ 9, 11, 12.)

Pursuant to the discovery orders, the parties have apparently exchanged written discovery, and two depositions (including Plaintiff's) have been taken. (*See* Doc. 114 at 2.) But in almost the entire past year, the parties have not

communicated. (*Id.*) In January 2021, Plaintiff filed the pending "Request for Enlargement of Time," asking the Court to extend the discovery due date from May 13, 2020 to May 13, 2021; the motions due date from June 15, 2020 to June 15, 2021; and the preparedness for an evidentiary hearing date from August 3, 2020 to August 3, 2021. (Doc. 112 at 1.) Defendants oppose the request, arguing that Plaintiff has provided "no reason, much less good cause, why the discovery schedule should be amended a third time." (Doc. 114 at 3.) In reply, Plaintiff asserts that Defendants failed to "seek relief" when the May, June, and August 2020 deadlines expired; and have not filed any pleading since last January 2020. (Doc. 117 at 3.) Moreover, Plaintiff claims that the complexity of this case, coupled with certain "exceptional circumstances," warrant extending the deadlines. (*Id.* at 7.) Specifically, Plaintiff argues that events occurring in her life in the past approximately 12 months—including her brother's life-threatening illness, her grandmother's death, her "being committed to a mental health and hygiene living unit on two occasions" (*id.* at 5), her arrest and subsequent quarantine while in prison, and her being denied adequate access to the law library while in prison— constitute good cause for her delay in conducting discovery and otherwise meeting the deadlines set in the scheduling order in this case. (*See id.* at 4–6.) Plaintiff further argues that she will "be able to effectively, fairly, fully, and thoroughly litigate and prosecute this case" once she is released from prison, which "is scheduled to occur on or about March 10, 2021." (*Id.* at 6–7.)

For the reasons explained below, the Court DENIES Plaintiff's Motion (Doc. 112).

## Analysis

Federal Rule of Civil Procedure 16(b)(3)(A) directs district judges to issue "scheduling order[s]" which "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." The Rule "is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment (discussion of subsection (b))). Nonetheless, subsection (b)(4) of Rule 16 allows for some limited flexibility in scheduling, providing that a scheduling order "may be modified," but "only for good cause and with the judge's consent," in order to prevent "prejudice or hardship to either side," *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

"A finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340 (citing cases); *White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 625 (S.D.N.Y. 2006); Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "If the moving party cannot establish that it has proceeded with diligence, then the court's inquiry should stop." *Servello v. N.Y. State Office of Children and Family Servs.*, 1:18-CV-0777 (LEK/DJS), 2020 WL 8461517, at *2

4

(N.D.N.Y. Oct. 29, 2020).  The Ninth Circuit explained the importance of parties abiding by the deadlines stated in scheduling orders:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the plaintiff's] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610–11 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

Although generally the court affords *pro se* litigants like Plaintiff "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotations omitted), "a party's present or former *pro se* status does not function as a substitute for an actual showing of good cause," *Servello*, 2020 WL 8461517, at *2 (internal quotation marks omitted).  Stated differently, a party's *pro se* status "does not relieve h[er] of compliance with Rule 16(b)'s diligence requirement."  *Valentin v. City of Rochester*, 11-CV-6238CJS, 2016 WL 5661729, at *7 (W.D.N.Y. Sept. 30, 2016).  *See Triestman*, 470 F.3d at 477 (despite construing *pro se* filings liberally, reading them as raising the strongest arguments they suggest, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law" (internal quotation marks omitted)).  Indeed, as one court explained: "[t]o conclude that [a] [p]laintiff's *pro se* status alone is sufficient to constitute good cause under Fed. R. Civ. P. 16(b)(4) would entirely deprive Rule 16 scheduling orders of their efficacy in any case involving a *pro se*

party." *Romero v. Teamsters Union Local 272*, 1:15-CV-07583-GHW, 2019 WL 4688642, at *8 (S.D.N.Y. Sept. 25, 2019).  Moreover, "the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)." *Valentin*, 2016 WL 5661729 at *7 (internal quotation marks omitted); *see Gestetner Corp.*, 108 F.R.D. at 141 (although existence or degree of prejudice to party opposing modification of scheduling order might supply reasons to deny motion to modify, focus of inquiry is on moving party's reasons for seeking modification).

Local Rule 26(a)(7) codifies these principles and demands that parties make every effort to seek extensions of discovery deadlines *before* the relevant deadlines expire.  The Rule states: "If additional discovery time is required due to case complexity or other extraordinary circumstances, counsel may move for an extension of time for good cause.  *Absent exceptional circumstances, requests must be made before the discovery deadline expires*."  (Emphasis added.)  Here, Plaintiff waited until almost eight months after expiration of the discovery deadline and seven months after expiration of the deadline to file prehearing motions—which deadlines had already been extended multiple times—to file the instant Motion seeking one-year extensions of those deadlines.  Specifically, as explained above, the parties' most recent scheduling order set the discovery completion date at May 13, 2020 and the prehearing motion filing date at June 15, 2020 (*see* Doc. 108), and Plaintiff did not file the instant Motion until January 4, 2021 (*see* Doc. 112).

Applying Federal Rule 16(b)(4) and Local Rule 26(a)(7) here, Plaintiff's burden is to demonstrate good cause to extend the dates of the current scheduling

6

order, focusing on the reasons for her tardy submission of the pending Motion. Plaintiff must demonstrate that "the reasons for the tardiness of [her] [M]otion justify a departure from the rules set by the court in its scheduling order," *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002), and that "exceptional circumstances," L.R. 26(a)(7), justify Plaintiff's failure to file the Motion until almost eight months after the discovery deadline and seven months after the prehearing motions deadline expired. The Court finds that Plaintiff has failed to meet this burden. *See Fellows v. Earth Const., Inc.*, 794 F. Supp. 531, 538 (D. Vt.), *affirmed on reconsideration*, 805 F. Supp. 223 (D. Vt. 1992) ("While a judge may modify a discovery schedule 'upon a showing of good cause,' Fed.R.Civ.P. 16(b), no such cause has been shown in the instant case for a delay of more than eight months after the deadline for filing motions expired.").

Based on statements made in Plaintiff's Reply to Defendants' opposition to the pending Motion (*see* Doc. 117)[2], it appears that Plaintiff has failed to engage in any discovery in this case in the ten months since the current scheduling order was signed by the Court, thereby allowing the scheduled discovery deadline of May 13, 2020, as well as several other case-related deadlines, to expire (*see* Doc. 108). Plaintiff offers the following reasons for her failure to meet these deadlines:

---

[2] Although Plaintiff's Reply contains many new and unverified statements of alleged facts (*see* Doc. 117 at 4–7), it has not been signed under penalty of perjury. Normally, the Court would not consider these statements of alleged facts, but given Plaintiff's *pro se* status, and Defendants' decision not to seek permission to file a surreply responding to the statements, the Court assumes the truth of Plaintiff's statements solely for purposes of deciding the instant Motion.

(1) On two occasions since entry of the scheduling order in March 2020, *despite her probation officer's denial of her requests to leave the State*, Plaintiff traveled to New York to attend her grandmother's wake and funeral and to help care for her brother's children after her brother's diagnosis of a malignant brain tumor. Plaintiff stayed in New York for several weeks on the first visit and four months on the second visit. During the second visit, Plaintiff suffered mental health problems resulting in her admission into a mental health facility on two occasions and her attending mental health and substance abuse counseling on a daily basis. (Doc. 117 at 4–5.)

(2) After Plaintiff returned from New York to Vermont, her probation officer told her to "shelter in []place" at her residence for 14 days, which she did. Thereafter, she suffered "crippling physical manifestations of emotional distress" due to the isolation and her brother's illness. (*Id.* at 4.)

(3) On or about September 4, 2020, Plaintiff was arrested at her parents' residence in New York and quarantined at a prison in that State until on or about September 10, 2020, when Plaintiff was transported to the Southern State Correctional Facility in Vermont, where she was quarantined until on or about September 24, 2020. (*Id.* at 5–6.)

(4) From approximately the end of September 2020 through January 8, 2021, Plaintiff was housed in the general population at the Southern State Correctional Facility. While there, Plaintiff filed multiple pleadings and other legal filings; however, she was limited to using the prison law library for no more than six hours per week. (*Id.* at 6.)

(5) On or about January 9, 2021, Plaintiff was transferred to the Northern State Correctional Facility. While there, Plaintiff has submitted multiple law library use request forms, but as of January 25, 2021 (the date Plaintiff signed her reply in this case), none had been approved. (*Id.*; *see id.* at 9.)

These alleged facts do not suffice to demonstrate that Plaintiff has proceeded with diligence in this case; nor do they constitute extraordinary circumstances justifying the delayed filing of the instant Motion. It is clear from Plaintiff's own rendition of the facts that her deliberate actions have resulted in her failure to

8

abide by the dates set forth in the scheduling order. Specifically, it appears that Plaintiff was arrested and re-imprisoned last September due to her own decision to knowingly violate, on two separate occasions, her probation officer's order not to leave Vermont. (*See id.* at 4–5.) Plaintiff's violation of her probation officer's orders and her subsequent arrest, which presumably arose from those violations, may not constitute "good cause" for her delay in conducting discovery and otherwise complying with the scheduling order. Moreover, Plaintiff has not stated facts sufficiently demonstrating why she could not have engaged in discovery or requested an extension of the discovery deadline at some time during the six months between the date the scheduling order was adopted in March 2020 and the date she was arrested in September 2020.

Furthermore, Plaintiff's claim that she had inadequate access to the law library while imprisoned between approximately September 24, 2020 and January 8, 2021, rings hollow given Plaintiff's admission that she "undertook litigation of a Notice of Appeal, a Petition for Post-Conviction Relief, and two Petition[s] for Writ of Habeas Corpus" during that period of time. (*Id.* at 6.) Finally, this is not a complex case, especially given the parties' agreement to limit discovery to Plaintiff's efforts to exhaust her administrative remedies related to the November 2016 assault. Even considering that Plaintiff is proceeding *pro se*, and construing her Motion liberally, the Court concludes that Plaintiff has not met the Rule 16(b)(4) good cause standard to reopen discovery or the Local Rule 26(a)(7) exceptional circumstances standard for requests made after the discovery deadline has expired.

9

Although Plaintiff has demonstrated that many new and traumatic events occurred in her life since the scheduling order was adopted, she has failed to demonstrate that she acted with diligence in seeking leave to extend the discovery deadline and other dates in the ten months that transpired between adoption of the scheduling order and the filing of the instant Motion.

## Conclusion

For these reasons, Plaintiff's "Request for Enlargement of Time" (Doc. 112) is DENIED.

Dated at Burlington, in the District of Vermont, this 17th day of March 2021.

/s/ John M. Conroy\
John M. Conroy\
United States Magistrate Judge
