U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 MAR -9  AM 11: 17

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| SERENDIPITY MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:17-cv-124 |
| ) | |
| BARRY JOSEPH MACKENZIE and ) | |
| CHAD NEWTON, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Doc. 161)**

Plaintiff Serendipity Morales, a prisoner in the custody of the Vermont Department of Corrections (DOC), has sued two former corrections officers, Barry Joseph Mackenzie and Chad Newton, alleging that they assaulted her and discriminated against her, both in retaliation for her provision of legal assistance to other DOC inmates.[1] (Doc. 19.) Defendant Newton moved for summary judgment, arguing that Ms. Morales had failed to exhaust the administrative remedies available to her, a statutory prerequisite to a federal lawsuit under the Prison Litigation Reform Act (PLRA). (Doc. 44.) The parties litigated this issue further, culminating in this court denying Mr. Newton's motion for summary judgment and permitting discovery limited to the issue of exhaustion under the PLRA.[2] (*See* Docs. 68, 86, 87.)

---

[1] Plaintiff initially named Deputy State's Attorney Alexander Burke as a defendant in this action. (Doc. 19.) In May 2019, the parties stipulated to the dismissal of Mr. Burke from the case without prejudice. (*See* Doc. 83.)

[2] Judge Doyle explained the extensive procedural history of this case. (*See* Doc. 161 at 3–6, 9–10.) The court does not repeat it here.

After reviewing the parties' briefing and holding an evidentiary hearing on the exhaustion issue, the Honorable Kevin Doyle, United States Magistrate Judge, issued his report and recommendation that this court dismiss Ms. Morales's suit based on her failure to exhaust her administrative remedies as required by the PLRA. (Doc. 161.) In addition, Judge Doyle recommended that the court dismiss Ms. Morales's Petition for Declaratory and Extraordinary Relief (Doc. 157); Motion Challenging the Constitutionality of the PLRA's Exhaustion Requirement (Doc. 158); and Motion Requesting Additional Discovery and to Postpone Ruling on the Issue of Exhaustion (Doc. 159). (Doc. 161.) No party objected to Judge Doyle's R&R.[3]

As Judge Doyle explained in his well-reasoned and thorough analysis, Ms. Morales failed to carry her burden of proving that she had properly exhausted the administrative remedies available to her through the Vermont DOC's grievance process. (*See* Doc. 161 at 13–21.) While Ms. Morales introduced evidence that she had filled out the requisite grievance forms required by the DOC, she did not demonstrate that she had filed these forms. (*See id.* at 15–17 & n.6, 19.) For that reason, Judge Doyle concluded that Ms. Morales had failed to exhaust as required by the PLRA and recommended that the court dismiss her complaint. (*Id.* at 21.)

In addition, Judge Doyle recommended that the court dismiss with prejudice because Ms. Morales's suit relates to an alleged assault in 2016, and the time for her to properly exhaust her claim within the DOC has since expired. (*See id.* at 13–14, 21–22.)

---

[3] Where, as here, no party objects to a magistrate judge's report and recommendation, a district court reviews it for clear error. Fed. R. Civ. P. 72(b) advisory committee's 1983 note; *Brown v. Peters*, No. Civ.A. 95CV1641RSPDS, 1997 WL 599355, at *2 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) (collecting cases), *aff'd* 175 F.3d 1007 (2d Cir. 1999) (summary order). Still, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Finally, Judge Doyle recommends that the court deny Ms. Morales's three most-recent motions. He recommended that the court deny Ms. Morales's motion seeking a declaration that the doctrine of qualified immunity is unlawful (Doc. 157) and her motion challenging the constitutionality of the PLRA's exhaustion requirement (Doc. 158) on their merits. (Doc. 161 at 22–23.) The court agrees with each of these recommendations.

Judge Doyle also recommended that the court deny Ms. Morales's motion requesting additional discovery and to postpone ruling on the issue of exhaustion. (Doc. 159.) According to Ms. Morales, the Vermont DOC has recently recognized shortcomings in its internal grievance processes. (*Id.* at 2.) Ms. Morales wants to conduct additional discovery to see if the DOC's shortcomings relate to her alleged inability to exhaust her available remedies. It is true that the Vermont State Auditor documented "significant deficiencies" in Vermont's prisoner grievance process. Douglas R. Hoffer, *Department of Corrections: Significant Deficiencies Demonstrate Need for Overhaul of the Prisoner Grievance Process*, Report of the Vermont State Auditor 1, 1 (Dec. 16, 2022), https://auditor.vermont.gov/sites/auditor/files/documents/Final%20DOC%20 Grievance%20Report.pdf. But the report only studied grievances between January 1, 2021 and June 30, 2022. *Id.* at 22. As Judge Doyle explained, Ms. Morales has not demonstrated how any current documented shortcomings relate to her grievances in 2016. (Doc. 161 at 23.) Plus, Judge Doyle recorded the numerous discovery extensions that the court has already granted Ms. Morales throughout the course of this litigation, and she has not met her burden to reopen discovery at this late stage. (*Id.* at 23–24.) The court agrees with Judge Doyle and denies this motion as well.

For the foregoing reasons, the court ADOPTS Judge Doyle's Report and Recommendation (Doc. 161) in full. The court, therefore, DISMISSES Ms. Morales's Complaint

(Doc. 19) WITH PREJUDICE and DENIES Ms. Morales's Petition for Declaratory and Extraordinary Relief (Doc. 157); Motion Challenging the Constitutionality of the PLRA's Exhaustion Requirement (Doc. 158); and Motion Requesting Additional Discovery and Postpone Ruling on Issue of Exhaustion (Doc. 159).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 9th day of March, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court

4